IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 64 DOGS,<br><br>Defendants. | Case No. 4:16-cv-04074-SLD |

## ORDER

Before the Court are the United States' ("the Government") Motion to Strike Claim and Answer Filed by Terrill McDuffy and For Entry of Default, ECF No. 33, the Government's Motion to Strike Claim and Answer Filed by Algerron Goldsmith, Sr. and for Entry of Default, ECF No. 35, the Government's Motion to Strike Claim Filed by Demarlo McCoy and for Entry of Default, ECF No. 19, the Government's Motion to Strike Claim and Answer Filed by Sherrick Houston, ECF No. 40, the Government's Motion to Strike Claim Filed by Andre Lidell and for Entry of Default, ECF No. 41, Motion of Disposition by Claimant Terrill McDuffy, ECF No. 31, Motions for Hearing by Algerron Goldsmith, Sr, ECF No. 30, and Terrill McDuffy, ECF No. 32, and the Government's Motion to Dismiss Eight Seized Dogs as Defendants, ECF No. 34.  For the following reasons, the Government's motions are GRANTED.  The Claimants' motions for hearing, ECF No. 30 and ECF No. 32, are MOOT.  McDuffy's Motion of Disposition, ECF No. 31, is DENIED.

## BACKGROUND

On April 14, 2016, the United States Marshals seized sixty four pit bull type dogs as a result of an investigation into a dog-fighting operation.  Terrill McDuffy, Algerron Goldsmith,

1

Sr., Demarlo McCoy, Sherrick Houston, and Andre Lidell were residents at the locations from which the dogs were seized.[1]

Terrill McDuffy filed a claim on May 13, 2016 stating that he had not participated in any dog-fighting, and requesting that his "listed item[s]," including nine pit bull type dogs be returned to him. McDuffy's Claim, ECF No. 11. The claim was not verified by oath or affirmation, nor was it served on the appropriate attorney for the United States. *Id.* McDuffy filed an answer on June 7, 2016, McDuffy's Ans. 2–3, ECF No. 22, denying all allegations in the Verified Complaint pertaining to him, though his answer was not served on the appropriate attorney for the United States. Mot. Strike McDuffy's Pleadings 7, ECF No. 33. Subsequently, one of the nine seized dogs died at the American Society for the Prevention of Cruelty to Animals ("ASPCA"), *id.* at 3, and another, Brownie, was the subject of this Court's previous order allowing the ASPCA to humanely euthanize him due to severe behavioral problems and reduction in his quality of life. Dec. 2, 2016 Order on Mot. Disposition, ECF No. 28. The remaining defendant dogs seized from McDuffy's residence are: IL-11D-G1; IL-11D-G2; IL-11D-F1; IL-11D-F2; IL-11D-F4; IL-11D-L1; IL-11D-I1.

Algerron Goldsmith, Sr. filed an unverified claim on May 18, 2016, requesting that four dogs and a variety of items seized from his residence be returned to him. Goldsmith's Claim,

---

[1] The Court, in its Dec. 2, 2016 Order, detailed the observations made by the U.S. Marshals at both McDuffy's and McCoy's residences. *See* Dec. 2, 2016 Order on Mot. Disposition 1 n.1, ECF No. 28. Additionally, the Government offers evidence of dogfighting at Algerron Goldsmith Sr.'s residence. The residence contained training tools, including: a "spring pole," used for developing bite strength, and medications and syringes indicating that the dogs were not receiving outside veterinary care for injuries. Mot. Strike Goldsmith's Claim and Ans. 2–5, ECF No. 35. Further, the dogs were infested with disease, including a tick-borne illness transmitted via dog bites, *id.* at 3, and each of the dogs had some level of scarring on their legs and head consistent with having been fought, *id.* Similarly, the two dogs at Sherrick Houston's residence had scarring on their legs and heads consistent with dog fighting, and were infested with worms. Mot. Strike Houston's Claim and Ans. 3, ECF No. 40. Marshals also found indicia of dogfighting including medications and a breeding stand commonly known as a "rape stand" in the dog fighting world. *Id.* Marshals recovered ten dogs at Lidell's residence, the high number of dogs alone indicative of dog fighting. Mot. Strike Lidell's Claim 3–5, ECF No. 41. The adult dogs had scarring and broken teeth, and marshals seized an array of medications, including wound antiseptics and muscle supplements, indicating that the dogs were used for fighting. *Id.*

2

ECF No. 15.  The seized dogs included: IL-4E-01; IL-4E-02; IL-4E-03; and IL-4E-04.  Mot. Strike Goldsmith Claim and Ans. 2, ECF No. 35.  On June 7, 2016, Goldsmith filed an unsigned answer.  Goldsmith's Ans., ECF No. 20.  In it, he denied all of the allegations in the Complaint that pertained to him.  *Id.*  Goldsmith did not serve his answer on an attorney for the United States.

DeMarlo McCoy filed a claim on May 17, 2016, requesting his "things back."  McCoy's Claim, ECF No. 14.  The claim was not verified by oath or affirmation, *id.,* nor was it served on the appropriate attorney for the United States.  Mot. Strike McCoy's Claim 5, ECF No. 39.  Two pit bull type dogs were seized from McCoy's residence: one brindle male, IL-10C-01, and one black female, IL-10C-02.  Mot. Strike McCoy's Claim 2.  One of those dogs, the brindle male named Taz, was the subject of this Court's previous order allowing humane euthanasia by the ASPCA.  Dec. 2, 2016 Order on Mot. Disposition.  McCoy has not filed an answer.

Sherrick Houston filed an unverified claim on May 10, 2016.  Houston's Claim, ECF No. 9.  Houston did not sign the claim under penalty of perjury and did not serve the claim on any government attorney.  *Id.*  In addition to several items including digital cameras, cell phones, and a "rape stand" used for breeding dogs, Houston claimed "one [white and tan] male pit bull" and "one [black] female pitbull."  Houston's Claim.  The Government identifies the dogs respectively as IL3A01 and IL3A02.  Mot. Strike Houston's Claim Ans., ECF No. 40.  Houston filed an answer on June 7, 2016.  Houston's Ans., ECF No. 21.  Houston denied all allegations pertaining to him.  *See id.*

Andre Lindell filed his unverified claim on May 16, 2016.  *See* Lindell's Claim, ECF No. 13, requesting that the "attached items" be returned to him; none of the defendant dogs were listed on the attached FBI property receipt.  *Id.*  Ten pit bull type dogs were seized from Lindell's

residence: three adult males (IL8B02, IL8B04, IL8B07); four adult females (IL8B01, IL8B03, IL8B05, IL8B06), and three puppies (IL8B08, IL8B09, IL8B10). One of the dogs gave birth to puppies after seizure, five of which survived. Mot. Strike Lidell's Claim 3, ECF No. 41.

The Government provided notice of the action and served Verified Complaints by certified mail and U.S. mail to McDuffy, Goldsmith, McCoy, Houston, and Lindell (hereinafter, "the Claimants"). *See* Notice of Civil Forfeiture Action, ECF No. 3. Notice of the action included instructions for filing a timely claim and answer and the name of the government attorney on whom those pleadings should be served. *Id.* at 2. The Government published notice of the forfeiture on the official government website, www.forfeiture.gov, as required by Rule G(4)(a)(iv)(C). Declaration of Publication 5, ECF No. 23. The last publication occurred on June 22, 2016. *Id.*

The Government, citing procedural deficiencies, now moves for the Court to strike the pleadings filed by the Claimants. It further moves for the Court to enter default against six of the defendant dogs seized from McDuffy's residence, four defendant dogs seized from Goldsmith's residence, the one remaining defendant dog seized from McCoy's residence, two dogs seized from Houston's residence, and ten defendant dogs seized from Lindell's residence. Additionally, the Government seeks to dismiss eight more dogs, including the deceased dog seized from McDuffy's residence. Goldsmith and McDuffy have both filed motions requesting hearings. ECF Nos. 30, 32.

### DISCUSSION

I. **Motions to Strike Pleadings and Enter Default**

    a. **Legal Standard**

Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule G") delineates the procedure governing forfeiture actions in rem. Fed. R. Civ. P. Supp., Rule G(5). Pursuant to Supplemental Rule G(4), the government must provide notice and a copy of the complaint to potential claimants, who are required to file a claim and then an answer with the district court. Fed. R. Civ. P. Supp., Rule G(4)–(5). A party asserting an interest in seized property must file a verified claim, identifying the property and the claimant's interest, and serve it on the United States via the appropriate government attorney. *Id.* at G(5)(a)(i). The claim must be "signed by the claimant under penalty of perjury." *Id.* at G(5)(a)(i)(C); *see also United States v. Commodity Account No 549 54930 at Saul Stone & Co.*, 219 F.3d 595 (7th Cir. 2000) (noting that "requirement of oath or affirmation is not a mere technical requirement that we easily excuse"). A claimant's answer must be served and filed within 21 days of filing the claim, Fed. R. Civ. P. Supp. G(5)(b). A claimant who fails to meet the aforementioned requirements lacks standing to defend and contest the forfeiture. *Saul Stone & Co.*, 219 F.3d at 597. Rule G permits the Government to move to strike a claim or answer for failure to comply with Rule G(5), or because the claimant lacks standing. Fed. R. Civ. P. G(8)(c)(i).

Default must be entered against a party from "whom a judgment for affirmative relief is sought [but] has failed to plead or otherwise defend," Fed. R. Civ. P. 55(a), and, in its discretion, a district court may grant a party's subsequent motion for default judgment, Fed. R. Civ. P. 55(b); *see also In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

    b. **Analysis**

None of the Claimants verified their claims by oath or affirmation. *See* ECF Nos. 9, 11, 13, 14, 15; Fed. R. Civ. P., Supp. G(5)(a)(i)(C). In the Seventh Circuit, verification of a claim is

an "essential element of any claim" and failure to observe the requirement essentially dooms the claimant's ability to contest the forfeiture. *Saul Stone & Co.*, 219 F.3d at 597 (quoting *United States v. U.S. Currency, in the Amount of $103,387.27*, 863 F.2d 555, 559 (7th Cir. 1988)); *see United States v. Funds in the Amount of $239,400*, 795 F.3d 639, 643 (7th Cir. 2015). None of the Claimants attempted to properly serve their claims on the government. *See* Fed. R. Civ. P., Supp. G(5)(a)(i)(D); *$239,400*, 795 F.3d at 644. Further, Lindell failed to identify the defendant dogs as property in which he had an interest: the list of items he attached to his claim did not include the dogs seized from his residence, and he has therefore not made an appropriate claim on the dogs as required by Rule G(5)(a)(i). Fed. R. Civ. P. G(5)(a)(i).

Those claimants who filed answers did not comply with Rule G. Neither Goldsmith nor McDuffy nor Houston properly served their answers on the designated government attorney, Fed. R. Civ. P. Supp. G(5)(b), and McDuffy's and Houston's were filed late.[2] McCoy and Lindell failed to file answers at all: McCoy filed his claim on May 17, 2016, and Lindell filed his claim on May 16, 2016. The respective 21-day period by which both should have filed answers is long elapsed. Fed. R. Civ. P. Supp. G(5)(b).

The Claimants' pleadings are procedurally deficient and none of them have established statutory standing in this civil forfeiture action. The Claimants' pleadings are to be stricken from the record. No other claimants have appeared to claim ownership over the dogs seized from any of these properties, and thirty days has elapsed since the last notice was published online. All potential claimants are in default. *United States v. Eleven Thousand Four Hundred Ninetey-one & 00/100 ($11,491.00) Dollars in U.S. Currency*, No. 10-1064, 2010 WL 3829432, at *1 (C.D.

---

[2] Because he filed his claim on May 13, 2016, McDuffy's answer should have been filed, at the latest, on June 6, 2016, in accordance with Rule G(5)(b) and Local Rule 5.3(D). Fed. R. Civ. P. Supp. G(5)(b); C.D. Ill. R. 5.3(D). He filed his answer on June 7, 2016. McDuffy's Ans. Houston filed his claim even earlier, on May 10, 2016, *see* Houston's Claim, and his answer was thus due on June 3, 2016. Houston did not file his answer until June 7, 2016. Houston's Ans.

Ill. Sept. 24, 2010). For the foregoing reasons, the Court enters default against Terrill McDuffy, Algerron Goldsmith, Sr., Demarlo McCoy, Sherrick Houston, and Andre Lindell.

### II.  Motion to Dismiss Eight Seized Dogs

The Government filed a motion to dismiss eight of the sixty-four defendant dogs. Mot. Dismiss Eight Seized Dogs as Defendants ("Mot. Dismiss"), ECF No. 34. Since the filing of the complaint in this matter, three of the seized dogs have died:

- One pit bull puppy, IL-7E-04, seized from the residence of Stantrel Knight
- One adult pit bull, IL-1A-05, seized from the residence of Ryan Hickman
- One adult pit bull, IL-11D-F3, seized from the residence of Terrill McDuffy

Mot. Dismiss 2.

The other five dogs the Government seeks to dismiss were officially surrendered by Rudolph Hall, from whose residence they were seized. Mot. Dismiss 2. Those dogs are identified by the following serial numbers: IL-12A-01, IL-12A-02, IL-12A-03, IL-12A-04 and IL-12A-05. The Court entered default against all of the residents at Hall's address, including himself, Deaguise Hall, and Simmeon Hall. *See* Dec. 2, 2016 Order Granting Default J., ECF No. 29. The Court finds it appropriate to dismiss the deceased and surrendered defendant dogs from the proceeding.

### CONCLUSION

The Clerk is ordered to STRIKE the claims, ECF Nos. 9, 11,13, 14, 15, and answers, ECF Nos. 20, 21, 22 filed by Algerron Goldsmith, Sr., Terrill McDuffy, Demarlo McCoy, Sherrick Houston, and Andre Lindell. The Court GRANTS the Government's motions for default, ECF Nos. 33, 35, 39, 40, 41, as they pertain to McDuffy, Goldsmith, McCoy, Houston, and Lindell. The Court further finds as MOOT the motions for hearings by Goldsmith, ECF No.

30, and McDuffy, ECF No. 32. McDuffy's Motion for Disposition, ECF No. 31, is DENIED. Lastly, the Government's Motion to Dismiss Eight Dogs is GRANTED, ECF No. 34; the following eight dogs, identified by serial number, are dismissed as defendants: IL-7E-04, IL-1A-05, IL-11D-F3, IL-12A-01, IL-12A-02, IL-12A-03, IL-12A-04, IL-12A-05.

Entered January 26, 2017.

                                                                            s/ Sara Darrow
                                                                            SARA DARROW
                                                  UNITED STATES DISTRICT JUDGE