IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 64 DOGS,<br><br>Defendants. | Case No. 4:16-cv-04074-SLD |

### ORDER

Before the Court are the United States' ("the Government") Motion to Strike Claim Filed by Willie Jackson and For Entry of Default, ECF No. 42, the Government's Motion to Strike Claim Filed by Jaquan Jones and For Entry of Default, ECF No. 44, and the Government's Motion to Dismiss One Seized Dog as Defendant, ECF No. 46.

### BACKGROUND

On April 14, 2016, the United States Marshals seized sixty-four pit-bull type dogs as a result of an investigation into a dog-fighting operation. The Marshals seized dogs from the residences of Willie Jackson and Jaquan Jones. In the course of the investigation, Jackson admitted that he hosted test matches between dogs in the basement at his home in Rock Island. Mot. Strike Jackson's Claim 3. Additionally, Jones admitted to attending and videotaping matches and training of dogs for fighting. Mot. Strike Jones' Claim 2.

Willie Jackson filed a Claim, ECF No. 12, on Friday, May 13, 2016, requesting the "return of . . . 2 Staffordshire pit bull terriers that were seized" in relation to this case. The defendant dogs seized from the residence are identified as one adult male, IL5B01, and a young female dog, IL5B02. Mot. Strike Jackson's Claim 2. The Claim was not verified by oath or

1

affirmation, nor was it served on the appropriate attorney for the United States. *Id.* Jackson did not file an answer.

On May 10, 2016, Jaquan Jones filed a claim seeking to have one adult male pitbull dog, identified by the Government as IL6A01, returned to his family, as well as a variety of dog accessories (leash, harness, kennel) and electronics. Jones Claim, ECF No. 10. Jones noted in his claim that the dog was a gift to his mother. *Id.* Subsequently, on Friday, May 20, 2016, Tara Dent, Jones' mother, filed a verified claim that the dog was her sole property and was not involved with dogfighting. Dent Claim, ECF No. 17. Dent has since filed a Petition to Withdraw Claim on the dog, releasing any and all claims regarding the seizure and forfeiting her interest in the dog. Mot. Dismiss One Dog Ex. A, ECF No. 46-1. Neither Jones nor Dent filed an answer.

Jackson, Jones, and Dent were all properly provided notice of the action and served with Verified Complaints by certified mail and U.S. mail. ECF No. 3. The Government published notice of the forfeiture on the official government website, www.forfeiture.gov, as required by Rule G(4)(a)(iv)(C). Declaration of Publication 5, ECF No. 23. The last publication occurred on June 22, 2016. *Id.*

The Government, citing procedural deficiencies and Dent's withdrawal of her claim, now moves for the Court to strike the pleadings filed by Jackson and Jones. It further moves for the Court to enter default against the two defendant dogs seized from Jackson's residence and to dismiss as defendant the dog seized from Jones' residence.

**ANALYSIS**

Supplemental Admiralty and Maritime Rule G delineates the procedure governing forfeiture actions in rem. Fed. R. Civ. P. Supp., Rule G(5). Pursuant to Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the

government must provide notice and a copy of the complaint to potential claimants, who are required to file a claim and then an answer with the district court. Fed. R. Civ. P. Supp. Rule G(4)–(5). A party asserting an interest in seized property must file a verified claim, identifying the property and the claimant's interest, and serve it on the United States via the appropriate government attorney. *Id.* at G(5)(a)(i). The claim must be "signed by the claimant under penalty of perjury." *Id.* at G(5)(a)(i)(C). *See also United States v. Commodity Account No 549 54930 at Saul Stone & Co.*, 219 F.3d 595 (7th Cir. 2000) (noting that "requirement of oath or affirmation is not a mere technical requirement that we easily excuse.") A claimant's answer must be served and filed within 21 days of filing the claim, Fed. R. Civ. P. Supp. G(5)(b). A claimant who fails to meet the aforementioned requirements lacks standing to defend and contest the forfeiture. *Saul Stone & Co.*, 219 F.3d 595, 597 (7th Cir. 2000) (citing *United States v. All Assets & Equip. of W. Side Bldg. Corp.*, 58 F.3d 1181, 1186 (7th Cir. 1995)).

Default must be entered against a party from "whom a judgment for affirmative relief is sought [but] has failed to plead or otherwise defend," Fed. R. Civ. P. 55(a), and, in its discretion, a district court may grant a party's subsequent motion for default judgment, Fed. R. Civ. P. 55(b); *see also In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). A default judgment establishes a defendant's liability as a matter of law. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982).

Neither Jones nor Jackson verified their claims by oath or affirmation. In the Seventh Circuit, verification of a claim is an "essential element of any claim" and failure to observe the requirement essentially dooms the claimant's ability to contest the forfeiture. *Saul Stone & Co.*, 219 F.3d at 597 (quoting *United States v. U.S. Currency, in the Amount of $103,387.27*, 863 F.2d 555, 559 (7th Cir. 1988)); *see United States v. Funds in the Amount of $239,400*, 795 F.3d 639,

643 (7th Cir. 2015). Neither Jones nor Jackson attempted to properly serve their Claims on the government. *See $239,400*, 795 F.3d at 644. Nor did either claimant file an answer within the requisite 21-day period. Fed. R. Civ. P. Supp. G(5)(b). Tara Dent has subsequently relinquished her right in the dog via the Petition to Withdraw Claim, in which she explicitly consented to the surrender of her rights in the dog. *See* Mot. Dismiss One Dog.

The Claims filed by Jones and Jackson are procedurally deficient and neither individual has established statutory standing in this civil forfeiture action. Jackson's and Jones' Claims are to be stricken from the record. Dent is the only other claimant who has expressed ownership interest in the dog seized at Jones' residence. No other claimants have appeared to claim ownership over the dogs seized from any of these properties, and the thirty day period for filing claims on the property has long elapsed. All potential claimants are in default. *United States v. Eleven Thousand Four Hundred Ninety-one & 00/100 ($11,491.00) Dollars in U.S. Currency*, No. 10-1064, 2010 WL 3829432, at *1 (C.D. Ill. Sept. 24, 2010). For the foregoing reasons, the Court enters default against Willie Jackson and Jaquan Jones, and grants Dent's petition to withdraw her Claim.

## CONCLUSION

The Clerk is ordered to STRIKE the claims, ECF Nos. 10, 12, filed by Willie Jackson and Jaquan Jones. The Court GRANTS the Government's motions for default, ECF Nos. 42, 44, as they pertain to Jackson and Jones. The Government's Motion to Dismiss One Seized Dog as Defendant, ECF No. 46, is GRANTED. The dog identified as IL6A01 is dismissed as a defendant.

Entered May 18, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
